UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CVS PHARMACY, INC.,

    Plaintiff,

v.

JOHN LAVIN,

    Defendant.

Civil Action No. 19-cv-00204 (JJM)
**REQUEST FOR EMERGENCY RELIEF**

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff CVS Pharmacy, Inc. ("CVS") hereby moves, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order enjoining Defendant John Lavin ("Lavin"), a former Senior Vice President of Provider Network Services at Caremark, L.L.C. ("Caremark"), CVS's prescription benefit management ("PBM") business, from commencing employment at and disclosing confidential information to PillPack LLC ("PillPack") until this Court has had an opportunity to rule on a motion for preliminary injunction, and requests that the Court set a schedule for preliminary injunction briefing. In support of this motion, CVS submits herewith Declarations of Allison Brown ("Brown Decl.") and Marilyn A. Rasicot ("Rasicot Decl."). As grounds for this motion, CVS states as follows:

1. Lavin recently resigned from Caremark and notified CVS that he intends to work at PillPack in violation of his Restrictive Covenant Agreement dated May 24, 2017 (the "Agreement"). Lavin has represented to CVS that, in his new role at PillPack, he will be responsible for negotiating agreements with PBMs on behalf of PillPack. *See* Brown Decl. ¶ 28.

- 1 -

2. The parties have been discussing a schedule for expedited discovery and preliminary injunction briefing, but have not reached agreement. Absent entry of a temporary restraining order, CVS understands that Lavin will start work at PillPack on Monday, April 29, 2019. Such conduct, in violation of the Restrictive Covenant Agreement, poses a substantial risk of irreparable harm to CVS.

3. As a condition of his employment and in exchange for a valuable stock award, Lavin entered into an agreement not to compete with CVS for a period of 18 months following his departure from the company. Rasicot Decl. Ex. 1 (Restricted Stock Unit Agreement) § 12; Ex. 2 (Restrictive Covenant Agreement), §2. He also agreed to protect CVS's confidential information. Rasicot Decl., Ex. 2, § 4. On April 8, Lavin notified CVS Caremark of his resignation and intention to join Amazon. Brown Decl. ¶ 26, Ex. 1. He later explained that he would be joining PillPack, an Amazon-owned, mail-order pharmacy that participates in CVS Caremark's network. *Id.* ¶¶ 22, 28.

4. In order to succeed in obtaining a temporary restraining order, the moving party must show (1) it is likely to succeed on the merits of the underlying dispute; (2) it will suffer some immediate, irreparable harm absent injunctive relief; (3) the balance of the equities, considering possible hardships to each party and to the public interest, weigh in favor of granting injunctive relief; and (4) granting the temporary restraining order will maintain the status quo. *City of Woonsocket v. Forte Bros., Inc.*, 642 A.2d 1158, 1159 (R.I. 1994). CVS satisfies all of these factors.

5. CVS is likely to succeed on the merits of its breach of contract claim. To establish breach of contract, a plaintiff must show that a valid agreement existed between the parties, the defendant breached the agreement, and the breach caused damages to the plaintiff.

*Barkan v. Dunkin' Donuts, Inc.*, 627 F.3d 34, 39 (1st Cir. 2010) (citing *Petrarca v. Fid. & Cas. Ins. Co.*, 884 A.2d 406, 410 (R.I. 2005)).

6. Lavin has breached the Agreement by accepting a role at PillPack that is "the same or similar in function or purpose" to his role at CVS Caremark. *See* Rasicot Decl., Ex.2, §2(a)(i). Lavin's role at CVS Caremark was to negotiate with pharmacies over the pricing they would charge to fulfill prescriptions for members of CVS Caremark's PBM clients. Brown Decl. ¶¶ 8-15. In his new role, Lavin will be involved in the same types of negotiations that he was responsible for at CVS Caremark, involving similar inputs, considerations, and strategies, except he will now be negotiating on behalf of PillPack instead of CVS Caremark. *Id.* ¶ 28. The "purpose" of Lavin's responsibilities at PillPack is also similar to the purpose of his former responsibilities at CVS Caremark. In both positions, Lavin's goal is to achieve the most favorable terms for his employer in negotiations related to pharmacy network inclusion. Simply put, Lavin will be doing the same job, sitting at the same table, only on a different side.

7. Lavin is also in breach of the Agreement because his role at PillPack is likely to result in the disclosure or use of CVS Caremark's confidential information. Rasicot Decl., Ex.2, §2(a)(ii), § 4. Lavin has extensive knowledge of CVS's confidential and sensitive information and he is likely to use or disclose that information if he is permitted to start employment at PillPack. *See* Brown Decl. ¶¶ 15-28.

8. PillPack constitutes a "Competitor" as defined by the Agreement. First, PillPack qualifies as a mail-order pharmacy under Section 2(b)(i) of the Agreement and directly competes with CVS Caremark's mail-order pharmacy. *See* Rasicot Decl., Ex. 2, §2(b)(i); Brown Decl. ¶ 22. PillPack describes itself as an online-based pharmaceutical retailer. Second, even if the Court finds that PillPack is not a "mail order pharmacy" under §2(a)(i), it still qualifies as a

"retail" competitor under Section 2(b)(ii) of the Agreement. *See* Rasicot Decl., Ex. 2, §2(b)(ii). This section covers any business that competes with CVS in the "retail" space, which includes "the sale of prescription drugs" and "over-the-counter medication." *Id.* PillPack falls squarely within this definition; it sells prescription drugs and over-the-counter supplements to patients.

9. To enforce a restrictive covenant under Rhode Island law, a plaintiff must show that "(1) the provision is ancillary to an otherwise valid transaction or relationship; (2) the provision is supported by adequate consideration; and (3) it has a legitimate interest that the provision is designed to protect." *R.J. Carbone Co. v. Regan*, 582 F. Supp. 2d 220, 224 (D.R.I. 2008). CVS satisfies all these factors.

10. The Agreement was ancillary to Lavin's employment and supported by valid consideration. Lavin entered into the Agreement as part of his employment with CVS Caremark and in connection with a valuable RSU award. Rasicot Decl., Ex. 1. The RSU award was explicitly conditioned on Lavin's execution of the Agreement. *Id.* § 12.

11. In addition, CVS has a legitimate interest in protecting its confidential information. *R.J. Carbone Co.*, 582 F. Supp. 2d at 225 (holding that it is appropriate to enforce a restrictive covenant to protect confidential information). In his role, Lavin was heavily involved in provider network services and was responsible for negotiating with pharmacies on behalf of CVS Caremark. Brown Decl. ¶ 15. In his new role at PillPack, Lavin will be negotiating on behalf of PillPack with CVS Caremark's competitors, other PBMs. *Id.* ¶ 28. It will not be possible for Lavin to perform his new role without utilizing his copious knowledge of CVS Caremark's competitively-sensitive and confidential information, including details of CVS Caremark's arrangements with its clients and the terms of its arrangements with thousands of pharmacies that contract with it. *See Id.* ¶¶ 16-20. Furthermore, Lavin's senior position gave

him access to highly confidential information about CVS's business strategies, information that would be invaluable to PillPack as it, and its corporate parent Amazon, attempt to expand their presence in the marketplace. *See id.* ¶¶ 21-25, 27-28. Rhode Island courts will enforce restrictive covenants that are reasonable under the circumstances. *See Dial Media v. Schiff*, 612 F. Supp. 1483, 1489 (D. R.I. 1985). The Agreement only prevents Lavin from providing services to a defined set of competitors, including PBMs and retail pharmacies, where such services are "the same or similar in function or purpose" or would likely result in the disclosure or use of confidential information. Rasicot Decl., Ex.2, §2(a).

12. The Agreement has an 18-month "Non-Competition Period." *Id.* § 2(d). This duration is reasonable in light of the confidential information that Lavin had access to at CVS. The pricing terms in CVS Caremark's contracts with the network pharmacies are generally one to two years in duration. Brown Decl. ¶ 10. Furthermore, prior to his resignation, Lavin was deeply involved in CVS Caremark's strategy for the upcoming selling season, which included pricing and other types of sensitive information to be used in the next 12 to 18 months. *Id.* ¶ 21. The duration is appropriately tailored to prevent Lavin from disclosing or using the confidential information related to CVS Caremark's strategy during this critical time period.

13. Finally, the Agreement has a "Restricted Area" that covers the United States. Rasicot Decl., Ex. 2, §2(e). This geographic scope is reasonable given that CVS and CVS Caremark run nationwide business operations and compete with PBMs and retail pharmacies across the country. Lavin himself negotiated with network pharmacies all over the United States. Brown Decl. ¶¶ 4, 8.

14. CVS "stands to suffer some irreparable harm that is presently threatened or imminent." *Fund for Cmty. Progress v. United Way*, 695 A.2d 517, 521 (R.I. 1997). Courts have

held that the disclosure of confidential information constitutes irreparable harm. *Carcieri v. Creative Servs.*, 1992 R.I. Super. LEXIS 25, at *9 (Super. Ct. July 6, 1992). *Express Scripts, Inc. v. Lavin*, 2017 U.S. Dist. LEXIS 105006, at *17 (E.D. Mo. July 7, 2017).

15. Lavin's employment at PillPack presents an imminent threat of harm to CVS by risking the disclosure of CVS's and CVS Caremark's confidential and competitively sensitive information, including information related to the terms of CVS Caremark's agreements with its network pharmacies, which CVS Caremark is contractually obligated to keep confidential, and CVS's strategic plans for competing in the market. *See* Brown Decl. ¶ 16-25.

16. A prompt hearing on CVS's Motion for a Temporary Restraining Order is necessary to prevent irreparable harm to CVS and to preserve the status quo pending a hearing on a motion for a preliminary injunction. Plaintiffs estimate that the time needed for oral argument will be approximately 20 minutes.

Respectfully Submitted,

CVS PHARMACY, INC.

By its attorneys,

`/s/ Neal J. McNamara`
Neal J. McNamara, R.I. Bar#4249
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903-1345
Tel.:   401-454-1000
Fax:   401-454-1030

James W. Bucking, BBO #558800
(jbucking@foleyhoag.com)
Michael L. Rosen, BBO #559954
(mrosen@foleyhoag.com)
Richard Baldwin, BBO #670984
(rbaldwin@foleyhoag.com)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel:   617-832-1000
Fax:   617-832-7000

Dated: April 26, 2019