# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS PHARMACY, INC., <br><br>                Plaintiff, <br><br>v. <br><br>JOHN LAVIN, <br><br>                Defendant. | Civil Action No. 19-cv-00204 (JJM) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties hereto, having stipulated and agreed by and through their respective counsel to the entry of a Protective Order pursuant to Federal Rule of Civil Procedure Rule 26(c), and the Court having approved the same, **IT IS HEREBY ORDERED THAT:**

1. <u>Designation of Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"</u>

Any party in this action, or any third party witness or entity producing materials or providing testimony for use in this action (hereinafter "the designating party"), shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any document, information, or other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains or reflects such information as defined herein.

    a.    "CONFIDENTIAL" information relates to all confidential, private, product, business, commercial, or financial information and all information of a proprietary technical nature that the designating party believes might be of value to an actual or potential competitor of the designating party and that the designating party reasonably believes should be protected from disclosure, including, without limitation, information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

      b.    "HIGHLY CONFIDENTIAL" information relates to business, marketing, sales, and distribution information, the disclosure of which the designating party believes, in good faith, may cause harm to the competitive position of the designating party, including (1) business plans and strategic documents, including unpublished financial data and pricing information; (2) new business development (for new and old projects); (3) marketing plans; (4) competitor market analysis; (5) customer lists, customer sales data, and other non-public customer information; (6) distributor and supplier agreements and licenses; (7) agreements with sales representatives; (8) business relationships with third parties; and (9) third party information designated by the third party as Highly Confidential Information.

      c.    Access to certain highly sensitive materials provided in electronic form may be further limited by agreement of the parties or by order of the court.

2.    <u>Restriction on Use and Disclosure of Designated and Non-Designated Materials</u>

No documents, information, or things designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," nor any information derived therefrom, shall be disclosed to any person or entity except as set forth in paragraphs [6], [7], [8], and [9] of this Protective Order.  No person shall use any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any information derived therefrom, for any purpose other than to assist counsel of record in the preparation and trial of this action.  Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any designated confidential material.

3.    <u>Marking of Designated Materials</u>

A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized use or disclosure prior to or at the time of the provision of a physical or electronic copy thereof to a receiving party.

The legend shall state: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designation as to things as to which inspection or sampling has been agreed to, or which are tangible objects containing designated information, shall be made by placing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend in the form described above on the thing or the container in which it is stored.

All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth herein (e.g. physical objects or electronic data), may be designated by the designating party by informing all receiving parties of the designation in writing. To the extent that the receiving parties generate printouts of such material (or portions thereof), the printouts must have the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend properly affixed therein.

4.      <u>Designation of Deposition Testimony</u>

Any party or deponent may unilaterally designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" provided such designation is either (a) made on the record during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the reporter, or (b) made by written notice to all counsel of record, given within 30 calendar days after a copy of the official deposition transcript is received by the deponent or his counsel, in which case all counsel receiving a transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Unless otherwise agreed to in writing by the parties or ordered by the Court, all depositions shall be treated as "CONFIDENTIAL" until 30 calendar days after a copy of the official deposition transcript is received by the deponent or his counsel.

The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to the terms of this Protective Order. For purposes of this Protective Order, a "business day" means a day on which the offices of the Court are regularly open.

This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored, received, or previously had access to or knowledge of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. <u>Filing Designated Materials</u>

Any materials which are filed with the Court for any purpose and which are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be filed in accordance with the procedures set forth in the Local Rules of the United States District Court in which the case is pending.

These procedures for filing and disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information with the Court shall apply only to pretrial proceedings. If necessary, the parties shall propose to the Court procedures for the filing and disclosure of

"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information with regard to any evidentiary hearing and/or trial.

6.     Access to "CONFIDENTIAL" Materials

Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) outside counsel of record in this action for the receiving party or the receiving party's employer, in-house attorneys for the receiving party or the receiving party's employer, as well as employees of said outside counsel of record or in-house attorneys to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the receiving party or the receiving party's employer to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) experts of the receiving party, specifically retained in and for this matter and subject to the provisions of paragraph 11 below, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) professional vendors providing litigation support services (e.g., stenography, photocopying, imaging, videotaping, translating) to whom disclosure is reasonably necessary for this litigation;

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) any mediator or other person engaged in alternative dispute resolution who is assigned or retained to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(k) any other person(s) as to whom the Parties mutually agree in writing, or as ordered by the Court.

7.  Access to "HIGHLY CONFIDENTIAL" Materials

Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) outside counsel of record in this action for the receiving party or the receiving party's employer, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

   (b) experts of the receiving party, specifically retained in and for this matter and subject to the provisions of paragraph 11 below, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 8, below, have been followed and no unresolved objections to such disclosure exist after proper notice has been given to the designating party;

   (c) the Court and its personnel;

   (d) court reporters and their staff;

   (e) professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f) professional vendors providing litigation support services (e.g., stenography, photocopying, imaging, videotaping, translating) to whom disclosure is reasonably necessary for this litigation;

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

   (h) any mediator or other person engaged in alternative dispute resolution who is assigned or retained to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

   (i) any other person(s) as to whom the Parties mutually agree in writing, or as ordered by the Court.

8. <u>Procedure for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Experts</u>

(a) Unless otherwise ordered by the Court or agreed to in writing by the designating party, a party that seeks to disclose to an expert, specifically retained in and for this matter and subject to the provisions of paragraph 11 below, any information or item that has been designated "HIGHLY CONFIDENTIAL" pursuant to section 7.3(c) first must make a written disclosure to the designating party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) includes a copy of Exhibit A signed by the Expert.

(b) A party that makes a request and provides the information specified in the preceding paragraph may disclose the specific information or item marked "HIGHLY CONFIDENTIAL" to the identified Expert unless, within 14 days of delivering the request, the party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based. If the designating party determines in less than 14 days that it has no objections to the disclosure, it shall endeavor to inform the requesting party as soon as practicable.

(c) A party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the "HIGHLY CONFIDENTIAL" material to its expert.

9.  Disclosures to Authors and Previous Recipients

Documents or material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be disclosed to any person who appears as an author, addressee, or recipient on the face of the document.

10. Retention of Confidential Materials

All materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and any and all copies or reproductions thereof, shall be retained (except otherwise provided in paragraph number 13 hereof) for the pendency of the litigation as follows:

(a) materials designated "CONFIDENTIAL" are to be retained by the persons listed in subparagraph (a) of paragraph 6 hereof and in-house counsel to the parties, provided that in-house counsel has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(b) materials designated "CONFIDENTIAL" and either filed with the Court or served as a written discovery response or as an expert disclosure may be retained by the persons listed in subparagraph (b) of paragraph 6 hereof, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c) materials designated "HIGHLY CONFIDENTIAL" are to be retained by the persons identified in subparagraph (a) of paragraph 7 hereof; and

   (d) independent experts authorized to view designated materials under the terms of this Protective Order may retain custody of copies of such materials as may be necessary for their participation in this litigation.

11. <u>Discovery Sought from Third Parties</u>

A copy of this Protective Order shall be furnished to each third party required to produce documents or otherwise formally disclose information in response to discovery requests in this Action. Such third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of, this Protective Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

In the event that any party, having possession, custody, or control of any materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any other party or any third party witness or entity, receives a subpoena or other process or order to produce such materials in another, unrelated legal proceeding from a non-party to this action, such party shall promptly notify counsel for the disclosing party of the subpoena or other process or order, furnish counsel for the disclosing party with a copy of said subpoena or other process or order and cooperate with respect to all reasonable procedures sought to be pursued by the disclosing party whose interests may be affected. The party having designated such materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of defending against such subpoena, process, or order.

12. <u>Inadvertent Production of Privileged or Personal Materials</u>

If the producing party notifies the receiving party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure or contain non-relevant personal information, the receiving party shall return all copies of such documents and/or things to the producing party within 10 business days of receipt of such notice or confirm in writing that all electronic copies have been deleted and all hard copies have been destroyed, except that the receiving party may retain one copy of the disputed documents and/or things solely for the purpose of challenging the claim of privilege, protection, or personal information. The receiving party shall not further disclose or use such items for any other purpose until further order of the court. Such inadvertent production shall not constitute a waiver of the attorney-client privilege or work production immunity or any other applicable privilege, is this procedure is followed.

Within 30 calendar days following the return or destruction request by the producing party, the receiving party shall either (1) file a motion to challenge the propriety of the producing party's claim for the disputed documents and/or things or (2) return its retained copy of the disputed documents and/or things or confirm in writing that it has destroyed its retained copy of the disputed documents and/or things.

Nothing herein shall prevent the receiving party from challenging the propriety of the designation by submitting a written challenge to the Court by filing an appropriate motion with the Court within the 30 calendar day time frame. In connection with such motion practice, the burden of establishing the propriety of the return or destruction request shall remain on the party making it.

13.     <u>Disposition of Designated Materials at Conclusion of Case</u>

Within 60 calendar days of the adjudication or resolution through settlement of the claims at issue herein, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall either (a) certify that they have effected the destruction of all designated materials, including all copies and extracts thereof, in their possession, custody, or control in such a manner that would preclude any person or entity from accessing the information contained therein, or (b) assemble and return all designated materials, including all copies and extracts thereof, to the party or third party witness or entity from whom it was obtained.

Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain all correspondence, pleadings, motions, and other materials submitted to the Court (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial, as well as any drafts, internal memorandums and other work product which were based upon or include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  In the event that outside counsel maintains such documents, it shall not disclose materials containing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to any other party or third party absent subpoena or court order. Counsel likewise need not purge their email, document management systems, or back-up tapes, provided, however, that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information contained in such documents retained by outside counsel shall remain subject to the protections of this Protective Order.

14.     Miscellaneous Provisions

(a)     This Protective Order shall be without prejudice to the right of any party or any third party witness or entity to bring before the Court at any time the question of (a)

whether any particular information is confidential; or (b) whether any particular information is relevant to any issue of this case. Upon such hearing, the party asserting confidentiality or relevance shall have the burden of establishing the same.

    (b) Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information in accordance with this Protective Order, nor the failure to object to a designation at a given time, shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

 The inadvertent or unintended disclosure of materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a producing party, or the failure to initially designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order, shall not be deemed a waiver of any claim for protection, provided the producing party gives reasonably prompt notice, after discovery of said inadvertent or unintended disclosure or the failure initially to designate, that the materials should be treated confidential in accordance with the provisions of this Protective Order. Upon such notice, the receiving party must treat the material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," and must then make a good faith effort to advise any person to whom such materials may have been disclosed as to the change in designation and the manner in which such materials should thereafter be treated. At the request of the producing party, all receiving parties immediately shall return all copies of such

13

incorrectly designated document(s) and the producing party shall provide appropriately marked replacement copies for all receiving parties. Nothing herein shall prevent the receiving party from challenging the confidentiality designation by submitting a written challenge to the Court.

(c) A party may object to the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. The designating party shall then have 1 business day after being provided notice to provide the objecting party with a written explanation of the reason for the designation. If the parties are unable to resolve the objection within 1 business day after the designating party supplies the objecting party with a written explanation of the reasons for the designation, the party or parties objecting to the designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have 1 business day after the conclusion of the negotiation period within which to file a motion compelling the reclassification of the materials in dispute. The party or parties producing the materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of establishing that good cause exists for maintaining the designation under this Protective Order. The disputed information shall be treated as designated (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") until the Court rules on the motion.

(d) In the event anyone shall violate, or threaten to violate, the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at

law.  The parties and any other person subject to the terms of this Protective Order agree that this Protective Order shall continue to be binding after termination of this litigation, except with respect to those documents and information that become a matter of public record.  The Court retains and shall have continuing jurisdiction over the parties and recipients of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for enforcement of the provisions of this Protective Order following termination of this litigation.

     (e)  Entry of this Protective Order is without prejudice to any party or third party seeking to impose further restrictions on the dissemination of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in this action, or seeking to rescind, modify, alter or amend this Protective Order with respect to specific documents or information.  The party seeking such relief shall first attempt in good faith to resolve the matter informally by setting forth, in writing, the proposed changes and the reasons for the proposed changes, and shall give the responding party at least 5 business days to address the issues.  This Protective Order may be modified by written agreement of the parties and approval of the Court.  If the matter cannot be resolved within an additional 10 business days, the party seeking relief may then apply for a suitable order from the Court.  The Court may modify this Protective Order *sua sponte* after notice to the parties and without prejudice to the rights of any party to seek additional or different relief from the Court not specified in this Order.

     (f)  Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or be deemed to preclude any party from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular designated material.

(g) Notwithstanding any other provisions of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

i. at the time of disclosure hereunder, was generally known to the public or the document containing the information is already in the public record by publication or otherwise;

ii. since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise;

iii. at the time of disclosure, was already in the possession of the receiving party and was not acquired directly or indirectly from the producing party or from any third party under obligation of confidence to the producing party;

iv. after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder;

v. the disclosing party agrees may be disclosed to a third party under no obligation of confidentiality; or

vi. the disclosing party disclosed to any government entity without request for confidential treatment.

vii. The party claiming that it is relieved of the obligation of this Protective Order by operation of any paragraph 14(g)(i-vi) shall have the burden of proving that any of the provisions of paragraph 14(g)(i-vi) apply.

(h)   This Protective Order shall not bar any attorney herein from rendering legal advice to such attorney's client that is based in part on the attorney's analysis or evaluation of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that are produced or exchanged, provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the substance of any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by another party or third-party witness or entity contrary to the terms of this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

By,

| | |
|---|---|
| */s/Neal J. McNamara* | */s/ Jeffrey C. Johnson* |
| Neal J. McNamara, R.I. Bar#4249 | */s/Michael R. Creta* |
| NIXON PEABODY LLP | Jeffrey C. Johnson (*pro hac vice*) |
| One Citizens Plaza | jeffrey.johnson@klgates.com |
| Providence, RI 02903-1345 | K&L Gates LLP |
| Tel.:   401-454-1000 | 925 Fourth Ave., Suite 2900 |
| Fax:   401-454-1030 | Seattle, WA 98104-1158 |
| | Telephone:  206.623.7580 |
| James W. Bucking, BBO #558800 | Facsimile: 206.623.7022 |
| jbucking@foleyhoag.com | |
| Michael Rosen, BBO #559954 | Jennifer J. Nagle (*pro hac vice*) |
| mrosen@foleyhoag.com | jennifer.nagle@klgates.com |
| Richard Baldwin, BBO #670984 | Michael R. Creta (Bar No. 9535) |
| rbaldwin@foleyhoag.com | michael.creta@klgates.com |
| FOLEY HOAG LLP | K&L GATES LLP |
| 155 Seaport Boulevard | State Street Financial Center |
| Boston, MA  02210 | One Lincoln Street |
| Tel: 617.832.1000 | Boston, MA  02111 |
| Fax: 617.832.7000 | Telephone: 617.261.3100 |
| | Facsimile: 617.261.3175 |

*Counsel for Defendant John Lavin*

## **ORDER**

IT IS SO ORDERED on this the ___ day of _____, 2019

　　　　　　　　　　　　　　　　　　　　　The Honorable John J. McConnell
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge
　　　　　　　　　　　　　　　　　　　　　District of Rhode Island

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CVS PHARMACY, INC., )<br>　　　　　　Plaintiff, )<br>　　v. )<br>JOHN LAVIN, )<br>　　　　　　Defendant. ) | Civil Action No. 19-cv-00204 (JJM) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Rhode Island on [date] in the case of CVS Pharmacy, Inc., v. John Lavin, Civil Action No. 19-cv-00204 (JJM). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Rhode Island for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone

number] as my Rhode Island agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____